UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GABRIEL FLORES-DELGADO, | ) | No. CV 15-9764-RGK (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING ACTION FOR LACK OF JURISDICTION** |
| U.S.A., | ) | |
| Respondent. | ) | |

On December 18, 2015, Gabriel Flores-Delgado ("petitioner") filed a document in this Court entitled "Document in Support to THE RESPONDENTS FOR WRIT OF HABEAS CO[]RPUS" ("Doc. Support"). Petitioner is currently housed at a federal detention center in Eloy, Arizona, in the custody of Immigration and Customs Enforcement ("ICE"). (Doc. Support at 2). A review of the December 18, 2015, filing shows that petitioner seeks to have his currently pending habeas petition, initially filed in this Court (Case No. 2:15-cv-4227-RGK (PLA)) and now pending in the United States District Court for the District of Arizona (Case No. 2:15-cv-1273-JAT), transferred back to this Court. (Doc. Support at 2). In support of his request for a transfer, petitioner states the following reasons: (1) his immigration case is pending in the Ninth Circuit; and (2) the State of Arizona is violating his rights. (Id.).

1    A review of the docket in Case No. 2:15-cv-1273-JAT shows that, on June 5, 2015, petitioner initially filed his habeas petition pursuant to 28 U.S.C. § 2241 in this Court. (Case No. 2:15-cv-1273-JAT, Docket No. 1; see also Case No. 2:15-cv-4227-RGK (PLA), Docket No. 1). On June 15, 2015, this Court transferred the matter to the United States District Court for the Eastern District of California on the basis that, at that time, petitioner was detained at a facility within the jurisdiction of the United States District Court for the Eastern District of California. (Case No. 2:15-cv-1273-JAT, Docket No. 3; see also Case No. 2:15-cv-4227-RGK (PLA), Docket No. 3). The Eastern District of California subsequently transferred the matter to the District of Arizona on the grounds that petitioner's bond denial took place in Arizona, and petitioner had been transferred back to the ICE facility in Eloy, Arizona.[1] (Case No. 2:15-cv-1273-JAT, Docket No. 8). Petitioner's habeas petition in Case No. 2:15-cv-1273-JAT is currently pending in the District of Arizona.

In light of the above, the Court **dismisses** this action for lack of jurisdiction. Petitioner's habeas petition is currently pending in the District of Arizona and this Court has no authority to transfer the matter to this District. See, e.g., 28 U.S.C. § 1404(b). In any event, such a transfer would not be appropriate given that petitioner's habeas petition was already transferred on venue grounds from this Court to the Eastern District of California and then to the District of Arizona, and petitioner is still detained in a facility within the District of Arizona's jurisdiction. As explained in

---

[1]  The Report and Recommendation ("R&R") filed on December 16, 2015, in Case No. 2:15-cv-1273-JAT, sets forth in detail the procedural history of petitioner's immigration proceedings. In particular, the R&R states that petitioner was convicted in 2010 in the State of Oregon of sexual abuse in the second degree. He was subsequently taken into the custody of ICE, posted bond, and was released. In August 2011, petitioner failed to appear for an immigration hearing and was removed to Mexico. In March 2012, petitioner re-entered the United States in Arizona and was detained. In July 2012, he was convicted of failure to enter into the United States at a designated border crossing point, and was released to ICE custody in Florence, Arizona. An Immigration Judge subsequently ordered petitioner removed to Mexico. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), which was denied. On June 18, 2013, petitioner filed a "petition for review" with the Ninth Circuit Court of Appeals and a temporary stay of removal was granted. Since 2013, while in ICE custody, petitioner has had numerous bond hearings, in which the Immigration Judge has denied bond based on the finding that petitioner was a danger to the community and a flight risk. (See Case No. 2:15-cv-1273-JAT, Docket No. 29 at 2-6). Petitioner's habeas petition in Case No. 2:15-cv-1273-JAT alleges that his prolonged detention while his "petition for review" has been pending in the Ninth Circuit violates due process. (Id. at 6-7).

this Court's June 15, 2015, Order Transferring Action, the Central District of California is not the preferable forum given that there is no apparent connection between petitioner, his case, and the Central District of California.[2] (Case No. 2:15-cv-1273-JAT, Docket No. 3 at 3; see also Case No. 2:15-cv-4227-RGK (PLA), Docket No. 3 at 3).

IT IS THEREFORE ORDERED that this action be dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Order upon petitioner.

DATED:  January 6, 2016

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 28 U.S.C. § 2241, venue for a habeas action is proper in either the district of confinement or the district of conviction, and the district court in which the petition is filed may transfer the petition to such other district in the furtherance of justice. See 28 U.S.C. § 2241(d); see, e.g., Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968).